

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-17-00068-CV

_____

## IN THE INTEREST OF K.D., C.D., AND C.F., III, CHILDREN

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. 16-00038

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

On May 22, 2017, the trial court entered an order of termination, terminating the parent-child relationship between K.D., C.D., and C.F., III, and their mother.[1] Mother's appellate counsel has filed a brief which summarizes the record and reviews the trial court proceedings in detail. After evaluating the record, Mother's appointed counsel appears to have concluded that there are no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

The appellate brief, however, fails to address the issue of whether termination was in the children's best interests. Further, and of equal concern to this Court, is the prayer for relief set forth in the purported *Anders* brief, which claims that

> the judgment of the trial court should be reversed and remanded to where the Appellee is the Temporary Managing Conservator and the Appellant is Possessory Conservator with the case at that stage to proceed forward for new trial.

In light of these concerns, we grant counsel's motion to withdraw.[2] Further, we hereby withdraw the current September 26, 2017, submission date set in this case. Finally, we abate this matter to the trial court for the appointment of new appellate counsel. The appointment of new appellate counsel is to be made within five days of the date of this order. A memorialization of

[1]We refer to the mother as "Mother" in order to protect the identity of the minor children who are the subject of this appeal. *See* Rule 9.8 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 9.8.

[2]Concurrent with the filing of his *Anders* brief, counsel filed a motion to withdraw as counsel of record on appeal. Although we would not typically grant appointed counsel's motion to withdraw in an *Anders* case involving the termination of parental rights, *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016), we do so in this instance to facilitate the appointment of new appellate counsel.

the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within three days of the date of appointment. Newly appointed counsel is to address the issue presented above, as well as any other issues that warrant further development on appeal.[3]

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record. We will establish a new briefing schedule upon the return of this Court's jurisdiction over this matter. We admonish, however, that because this case involves an appeal from the termination of Mother's parental rights, this matter is to be expedited at all levels. Newly appointed counsel should be prepared to pursue the appeal without delay or requests for extensions of time.

IT IS SO ORDERED.

BY THE COURT

Date: September 18, 2017

---

[3]It does not appear that currently appointed appellate counsel considered this matter. We require some professional inquiry by independent counsel to protect Mother's appellate rights.